UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY T. LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>G. SEGURA, et al.,<br><br>    Defendants. | Case No. 24-cv-01170-JST<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; DENYING REQUEST TO PRESERVE EVIDENCE**<br><br>Re: ECF No. 14 |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"), where he was previously housed. His amended complaint (ECF No. 13) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Procedural Background**

The initial complaint named as defendants Salinas Valley State Prison ("SVSP") Correctional Officers Sergeants G. Segura and D. Moreno and Officer J. Lopez, and presented a single-sentence statement of claim: "I'll like for the watch sergeant & officer D. Moreno / officer J. Lopez to be charge with a felony for falsified all documents date 4/26/22." *See generally* ECF No. 1. The initial complaint sought money damages to compensate Plaintiff for "pain and suffering / emotional stress" and negligence. ECF No. 1 at 3. The Court dismissed the initial complaint with leave to amend because it did not allege a violation of federal constitutional or statutory law, as is required to bring an action under 42 U.S.C. § 1983; and because the allegations were too conclusory and vague for the Court to ascertain what the named defendants did, and how the actions or inactions of the named defendants harmed Plaintiff. ECF No. 12.

**C.     First Amended Complaint**

The first amended complaint again names as defendants SVSP Correctional Officers Sergeants G. Segura and D. Moreno and Officer J. Lopez in the caption of the pleading. ECF No. 13 at 1. In Section II of the form complaint, the amended complaint again names as defendants SVSP Officers D. Moreno and J. Lopez; adds Natividad Medical Center staff doctor Joel Marshall as a defendant; and omits Sergeant Segura as a defendant.

The first amended complaint's allegations are hard to follow. Plaintiff alleges that he has been a "participant currently with the Americans with Disabilities Act (ADA) since October 2019." ECF No. 13 at 3. On April 25, 2022, Plaintiff was transported from SVSP to Natividad

Medical Center for a procedure that would place a catheter in his groin.  Plaintiff was placed in an examination room that had a camera.  This camera violated Plaintiff's rights.  Despite knowing that Plaintiff's rights were being violated, Defendants Moreno and Lopez left him in this room.  During Plaintiff's stay at Natividad Medical Center, a stent was placed in his upper left arm without his consent.  On April 26, 2022, Plaintiff was given RVRs for aggravated battery on Defendant Moreno, gassing Defendant Marshall, and destroying another's personal property.  The damage to the hospital bed was $15,000.00.  Plaintiff was not provided with a disciplinary hearing on this RVR within thirty days, as required.  These RVRs resulted in Plaintiff being placed in ASU, which caused Plaintiff to cut his wrist and be placed on suicide watch; and resulted in Plaintiff being transferred to Kern Valley State Prison ("KVSP"), which is a 180 prison, and being placed on an STG yard, and Plaintiff is not in medical condition to be on an STG yard.  The transfer to KVSP was retaliatory.  Plaintiff alleges that his due process rights were violated by the failure to provide him with a copy of the RVR within fifteen days, and to hold a disciplinary hearing on the RVR within thirty days.  Plaintiff also alleges violation of California Penal Code § 2932(e)(1) and 15 Cal. Code Regs. § 3320(a)(2).

D. **Dismissal with Leave to Amend**

The first amended complaint will be dismissed with leave to amend for the following reasons.

First, the first amended complaint again does not reference Defendant Segura.  Defendant Segura is DISMISSED from this action with prejudice as Plaintiff has failed to state a claim against defendant Segura despite being given an opportunity to do so.  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (dismissal with prejudice may be appropriate where repeated failure to cure deficiencies by amendments previously allowed).

Second, the first amended complaint fails to state a claim against Defendant Marshall.  The only reference to Defendant Marshall is that Plaintiff was issued an RVR for gassing Defendant Marshall.  The Court DISMISSES Defendant Marshall from this action without prejudice to Plaintiff naming Defendant Marshall in his second amended complaint, if Plaintiff can truthfully allege that Defendant Marshall has violated his federal rights.

Third, the first amended complaint fails to state a due process claim against Defendants Moreno and Lopez as a matter of law. The Due Process Clause requires only the following procedural protections: written notice of the charges, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, aid to the accused where the inmate is illiterate or the issues are complex, *see Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974); "some evidence" to support the disciplinary finding, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and some indicia of reliability of the information that forms the basis for the disciplinary actions, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). The Due Process Clause does not require that prisons comply with their own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472. A prisoner's right to due process is violated "only if he [is] not provided with process sufficient to meet the *Wolff* standard." *Id*. at 1420. Plaintiff appears to be alleging that his RVR was not processed within the time limits set forth in prison or state regulations. However, the violation of state administrative regulations, without more, does not give rise to a deprivation of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 481–84 (1995). State regulations that merely provide procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). The Due Process Clause does not confer upon individuals a right to not be placed in an examination room with a camera. The Due Process Clause also does not require that copies of the RVR be provided, and a hearing be held on the RVR, within a specific number of days. The Court DISMISSES the due process claims with prejudice. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

However, because it remains unclear whether Plaintiff can state cognizable Section 1983 claims against any of the named defendants, the Court GRANTS Plaintiff another opportunity to amend his claims. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). Plaintiff is encouraged to use the Court's form complaint.

4

**E.     Motion for Preservation of Evidence (ECF No. 14)**

Plaintiff has filed a motion titled, "Motion for Cameras and Other Audio Visual Recording Device to be Preserve." ECF No. 14. Plaintiff requests that the Court authorize commencement of discovery "early" because he needs "the evidence necessary to evaluate and resolve the case before trial," and specifies that he seeks the camera and other audiovisual recordings from outside of Natividad Medical Center in Salinas Valley County. The Court DENIES Plaintiff's request for early commencement of discovery as there is currently no operative complaint and it remains unclear whether Plaintiff will ultimately state cognizable claims. If Plaintiff states cognizable claims in a second amended complaint, the Court will authorize the commencement of discovery. The Court is not involved in discovery. If Plaintiff wishes to obtain evidence, Plaintiff must serve discovery requests on the relevant entities once the Court authorizes discovery.

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows.

1.     The Court DISMISSES the first amended complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint that addresses the identified deficiencies. The second amended complaint must include the caption and civil case number used in this order, Case No. 24-01170 JST (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference. Plaintiff should not replead claims or rename defendants that the Court has already dismissed with prejudice. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

2.     The Court DENIES Plaintiff's request to commence discovery at this time. ECF

No. 14.

This order terminates ECF No. 14.

**IT IS SO ORDERED.**

Dated: July 7, 2025

_____
JON S. TIGAR
United States District Judge