UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY T. LEWIS,<br><br>        Plaintiff,<br><br>    v.<br><br>G. SEGURA, et al.,<br><br>        Defendants. | Case No. 24-cv-01170-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"), where he was previously housed. His second amended complaint (ECF No. 16) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1  While Fed. R. Civ. P. 8 does not require detailed factual allegations, it demands more than an
2  unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662,
3  677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the
4  elements of a cause of action, or naked assertions devoid of further factual enhancement does not
5  suffice. *Id.*

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
7  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
8  the alleged violation was committed by a person acting under the color of state law. *See West v.*
9  *Atkins*, 487 U.S. 42, 48 (1988).

**B.      Procedural Background**

The initial complaint named as defendants Salinas Valley State Prison ("SVSP") correctional officers sergeants G. Segura and D. Moreno, and officer J. Lopez, and had a single-sentence statement of claim: "I'll like for the watch sergeant & officer D. Moreno / officer J. Lopez to be charge with a felony for falsified all documents date 4/26/22." *See generally* ECF No. 1. The initial complaint sought money damages to compensate Plaintiff for "pain and suffering / emotional stress" and negligence. ECF No. 1 at 3. The Court dismissed the initial complaint with leave to amend because it did not allege a violation of federal constitutional or statutory law, as is required to bring an action under 42 U.S.C. § 1983; and because the allegations were too conclusory and vague for the Court to ascertain what the named defendants did, and how the actions or inactions of the named defendants harmed Plaintiff. ECF No. 12.

The first amended complaint again named as defendants Salinas Valley State Prison ("SVSP") correctional officers sergeants G. Segura and D. Moreno, and officer J. Lopez in the caption of the pleading, and, in Section II of the form complaint, added Natividad Medical Center staff doctor Joel Marshall as a defendant. The first amended complaint did not name sergeant Segura as a defendant. ECF No. 13 at 1. The Court dismissed the first amended complaint because the allegations were hard to follow. The first amended complaint alleged that Plaintiff had been an ADA "participant" since October 2019; that defendants Moreno and Lopez left him in a Natividad Medical Center hospital room despite knowing that the room had a camera, in

1  violation of Plaintiff's rights; a stent was placed in Plaintiff's upper left arm without his consent;
2  on April 26, 2022, Plaintiff was given RVRs for aggravated battery on defendant Moreno, gassing
3  defendant Marshall, and destroying personal property, but was not provided with a copy of the
4  RVR and a disciplinary hearing on this RVR within the required time period; Plaintiff was
5  transferred to Kern Valley State Prison ("KVSP") in retaliation; and Plaintiff is being housed on
6  an STG yard at KVSP despite not being in medical condition for STG placement. The first
7  amended complaint also stated that there had been violations of CDO Penal Code § 2932(e)(1) and
8  15 Cal. Code Regs. § 3320(a)(2). *See generally* ECF No. 13.

The Court dismissed defendant Segura from this action with prejudice because the first amended complaint did not reference him and Plaintiff had failed to state a claim against him despite being given an opportunity to do so. The Court dismissed the due process claim against defendants Moreno and Lopez with prejudice because the failure to process an RVR within the time limits set forth in prison or state regulations does not violate the Due Process Clause. The Court dismissed defendant Marhsall from the action without prejudice because the sole allegation regarding defendant Marshall was that the RVR was issued for *inter alia* gassing defendant Marshall, which did not state a claim for violation of Plaintiff's constitutional rights. The Court dismissed the remainder of the complaint with leave to amend. ECF No. 15.

**C.     Second Amended Complaint**

The second amended complaint names as defendants SVSP officers D. Moren and J. Lopez, and Natividad Medical Center doctor Joel Marhsall. The second amended complaint's statement of claim is as follows:

> The C/O D. Moreno or Doctor Joel Marhsall did not have any evidence specific act, aggravated battery on a non-inmate by means of gassing Division A2 Date 4-26-22. I went to the hole. Date 4-27-22 where I was put in cell 106 non-ADA cell. Then moved cell non ADA cell 112 & was place in ASU for three months without no 72 with a captin lock up order no one will let me no how long I will be place in the ASU progame I had to wate untell I get the RVR hereing hand with the L.T. to find me guilty or dismiss the RVR's.

ECF No. 16 at 2-3. The second amended complaint seeks compensatory and punitive damages for being in ASU for more than three months and placed on a 180 yard for three years; and also seeks expungement of "all RVRs at the hospital." ECF No. 16 at 3.

3

The second amended complaint again fails to state a cognizable claim for violation of federal law or the federal Constitution.

First, the second amended complaint is, again, hard to follow. It is unclear what happened and also unclear what each individual defendant's involvement was in the events. It was unclear how the defendants are related to the RVR – was one of the defendants the subject of the RVR and did one of the defendants issue the RVR or order the lockup? With respect to the placement in Cell 106, it is unclear what ADA accommodations Plaintiff required; how Cell 106 was not compliant with the ADA; and how long Plaintiff was held in Cell 106.

Second, the second amended complaint does not specify any violation of the federal Constitution.

Third, the second amended complaint does not state a claim for violation of the Americans with Disabilities Act. Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 *et seq.* ("ADA"), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The second amended complaint is silent as to how Plaintiff is a "qualified individual with a disability" within the meaning of the ADA; as to how placement in Cell 106 constituted exclusion from participation in, or denial of, CDCR's services, programs, or activities; and as to how placement in Cell 106 constitutes discrimination. In addition, the second amended complaint fails as a matter of law to state an ADA claim because it sues individual defendants and the ADA applies to public entities, not to individuals. *See* 42 U.S.C. § 12131(1)(A) & (B) ("public entity" includes any state or local government or any department, agency, special purpose district or other instrumentality of state or local government); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc) ("Title II provides disabled individuals redress for discrimination by a 'public entity.' *See* 42 U.S.C. § 12132. That term, as it is defined within the statute, does not include individuals. *See* 42 U.S.C. § 12131(1).").

4

1        Fourth, to the extent that Plaintiff is alleging that there was no evidence to support being
2  charged with gassing a non-inmate, this conclusory allegation fails to state a cognizable due
3  process claim.  The Due Process Clause requires only "some evidence" to support the disciplinary
4  finding, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and some indicia of reliability of the
5  information that forms the basis for the disciplinary actions, *see Cato v. Rushen*, 824 F.2d 703,
6  704-05 (9th Cir. 1987).  While Fed. R. Civ. P. 8 does not require detailed factual allegations, the
7  second amended complaint's conclusory allegation that there "no evidence" does not suffice to
8  state a claim.  *Ashcroft*, 557 U.S. at 677-67 (naked assertions devoid of further factual
9  enhancement do not suffice to state claim).

    Finally, to the extent that Plaintiff is challenging the length of his placement in ASU and a 180 yard, it is unclear why a three-month placement in ASU and a three-year placement on a 180 yard would violate the federal Constitution.  Following placement in administrative segregation, Prison officials must engage in some sort of periodic review of an inmate's confinement in administrative segregation, but due process is satisfied if the decision to segregate the inmate is reviewed by prison officials every 120 days, *see Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990), and the review amounts to more than "meaningless gestures," *see Toussaint v. Rowland*, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989) (citing *Toussaint v. McCarthy*, 801 F.2d at 1102).  Here, Plaintiff was in ASU for less than 120 days and the complaint alleges that there was some sort of review or hearing during that time.  It is unclear why placement on a 180 yard, for any period of time, would be unconstitutional.

    The Court DISMISSES the second amended complaint for failure to state a claim.  The dismissal is with prejudice as Plaintiff has twice been granted leave to amend his complaint to cure deficiencies identified by the court and has failed to cure the deficiencies.  *See, e.g., Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

## CONCLUSION

    For the foregoing reasons, the Court DISMISSES this action with prejudice for failure to state a claim.  Judgment is entered in favor of Defendants and against Plaintiff.  The Clerk shall

close the case.

**IT IS SO ORDERED.**

Dated:  December 16, 2025



JON S. TIGAR
United States District Judge